Whaley, Chief Justice,
dissenting:
I do not agree with the majority opinion of the court.
Plaintiff knew when he entered into this contract that the turbo-alternator and other equipment were under construction at the time. There was a delay in the delivery of the *553 turbo-alternator, and plaintiff claims the cost of delay in delivery to the site of the turbo-alternator (heavy-duty alternating current generator) which was his duty to install under the contract.
Plaintiff’s work was a “follow-up” job insofar as the installation of the generator was concerned. The manufacturer was late in its delivery due to some necessary changes in wiring, which of course took time in a generator of the size here involved, weighing some 30 or 40 tons.
Plaintiff had 130 calendar days in which to complete the installation, but could not complete within that time due to the fact that the defendant did not have the turbo-alternator at the Navy Yard in proper time for such completion. The plaintiff sues for the cost to him of the delay.
But the contract is a standard form of Government contract, with the usual clause respecting delays chargeable, among other things, to “acts of the Government,” and with the clause giving the Government the right to make changes.
This case is on all fours with the case of United States v. Rice, et al., decided by the Supreme Court November 9, 1942, 317 U. S. 61, in which the court said:
Respondent was required to adjust its work to that of the general contractor, so that delay by the general contractor would necessarily delay respondent’s work.
Here it is manifest that until the turbo-alternator has been delivered, there could be no installation. The specifications indicate that the turbo-alternator was to be delivered to this plaintiff, furnished by another contractor. Plaintiff could not proceed with the installation until it had been delivered.
The plaintiff ivas entitled to an extension of time for performance, and the extension was granted. To more than this, plaintiff is hot entitled under his contract. United States. v. Rice, et al., supra.
Plaintiff also claims for two items amounting to $39.10, exclusive of overhead and profit, for extra work. Article 5 of the contract stipulates that there shall be no charge for extra work unless ordered in writing at a stated price. There was no order for this work under the contract and no recovery can be had.
I think the petition should be dismissed.